[Cite as *Sohi v. Ohio State Dental Bd.*, 2015-Ohio-3854.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


PARNEET SOHI, DDS,               :          APPEAL NO. C-140671
                                            TRIAL NO. A-1304776
     Plaintiff-Appellee,        :

 vs.                             :          *O P I N I O N.*

OHIO STATE DENTAL BOARD,         :

     Defendant-Appellant.       :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 23, 2015


*Timothy M. Burke* and *Micah E. Kamrass*, for Plaintiff-Appellee,


*Michael DeWine*, Ohio Attorney General, and *Katherine J. Bockbrader*, Principal Assistant Attorney General, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal in an administrative matter arising out of a disciplinary proceeding before the Ohio State Dental Board ("the Board"). The Board sanctioned Dr. Parneet Sohi for violating laws regulating the practice of dentistry in Ohio. On appeal, the Hamilton County Court of Common Pleas dismissed the charges, finding that the Board had failed to act in a timely manner.

{¶2} At issue in this appeal is the construction of legislation enacted in 2010 that dealt with investigations and disciplinary proceedings before the Board ("Dental Board Amendments"). *See* 2009 Am.Sub.H.B. No. 215. The legislation included time limitations relating to investigations conducted by the Board. We conclude that the common pleas court misapplied these time provisions. As a result, we reverse the judgment of the common pleas court and remand the matter for further proceedings.

## I. Background

{¶3} Dr. Parneet Sohi has been a licensed pediatric dentist in Ohio since 1990. In 2009 and 2010, the Board received complaints from two patients regarding treatment they received from Dr. Sohi. The Board initiated an investigation. The investigation uncovered evidence that Dr. Sohi's treatment violated the standard of care and that he had practiced outside his specialty of pediatric dentistry. As a result, in August of 2012, the Board issued a "Notice of Opportunity for Hearing" to Dr. Sohi.

{¶4} The notice detailed nine counts against Dr. Sohi. One count charged Dr. Sohi with providing unnecessary treatment to a patient identified as Patient 1. Seven counts related to his failure to comply with treatment procedures and preparation requirements as to a patient identified as Patient 2. The ninth count alleged that he had practiced outside of his specialty of pediatric dentistry by treating four adult patients.

The count relating to Patient 1 was later dismissed by the Board. Count 5, which related to the poor quality of x-rays taken of Patient 2, was resolved when Dr. Sohi produced the original x-rays. After a hearing on the remaining charges, the Board issued an order suspending Dr. Sohi's license for 14 days, directing that he refrain from providing orthodontic treatment until he completed continuing education in orthodontics, and requiring that he make his treatment records available to the Board for review for one year.

{¶5} Dr. Sohi appealed to the Hamilton County Court of Common Pleas. A hearing was held before a magistrate who recommended that the Board's decision be affirmed. Dr. Sohi objected to the magistrate's decision. The common pleas court overruled the magistrate's decision and reversed the decision of the Board. In reaching this result, the court relied upon R.C. 4715.034, a statute that was enacted as part of the Dental Board Amendments. The measure imposes a requirement that a "supervisory investigative panel" of the Board make recommendations for disciplinary or other action within a specified period—one or two years depending on the violation—from the time that it began to supervise the investigation. Concluding that the investigatory panel had failed to timely act, the court ordered that all counts against Dr. Sohi be dismissed with prejudice.

{¶6} The Board has appealed to this court. In three assignments of error, the Board contends that (1) the court erred by retroactively applying R.C. 4715.034 to an investigation that had commenced before the statute's effective date, (2) the time limits imposed are directory, rather than mandatory, and (3) the trial court erred by applying a one-year limitation period to the violations alleged in Count 9 rather than a two-year period.

## II.     The Dental Board Amendments

{¶7}     The Board licenses dentists and dental hygienists.  As part of its duties, the Board investigates complaints for violation of laws and regulations governing these professions and issues discipline where appropriate.  In 2010, the legislature passed legislation clarifying and modifying the Board's investigative and disciplinary process. The effective date of the legislation was September 13, 2010.  The Dental Board Amendments established a "supervisory investigative panel" of the Board to supervise all Board investigations.  R.C. 4715.034.  At the conclusion of an investigation, the supervisory investigative panel is required to make a recommendation that the Board (1) pursue disciplinary action, (2) seek an injunction, (3) enter into a consent decree, (4) refer the individual to a quality intervention program, or (5) terminate the investigation. R.C. 4715.034(A).

{¶8}     The Dental Board Amendments also established certain timelines for the supervisory panel's recommendation:

> The supervisory investigative panel's recommendations shall be in writing and specify the reasons for the recommendation.  Except as provided in section 4715.035 of the Revised Code, the panel shall make its recommendation not later than one year after the date the panel begins to supervise the investigation or, if the investigation pertains to an alleged violation of [the standard of care], not later than two years after the panel begins to supervise the investigation.

R.C. 4715.034(B).

{¶9}     Dr. Sohi argues that these limits were violated because the Board did not file charges against him within the applicable period.  The Board's investigation began, he says, when a patient submitted a complaint in October 2009.  The "Notice of

Opportunity for a Hearing" was not issued until August 2012. Thus, he contends that both the two-year period for standard-of-care violations, and the one-year period for other violations were violated. The trial court accepted this logic.

### III. The Trial Court Erred In Its Application of the Time Provisions in the Dental Board Amendments

{¶10} In its first assignment of error, the Board contends that the trial court impermissibly applied the statute retroactively. It cites Ohio statutes and caselaw for the proposition that a statute should be applied prospectively only unless it is expressly made retroactive. *See* R.C. 1.48; *Van Fossen v. Babcock & Wilcox. Co.,* 36 Ohio St.3d 100, 522 N.E.2d 489 (1988), paragraphs one and two of the syllabus. In its view, the legislature did not indicate an intent to apply the legislation retroactively, so the time limits started to run on the effective date of the statute, September 13, 2010.

{¶11} We agree that the time limitations began to run on September 13, 2010. But we do not see this case as one that raises the thorny issues of the retroactive application of legislation. We see it as a simple matter of statutory construction.

{¶12} R.C. 4715.034 requires the supervisory investigative panel to act no later than one or two years "after the board begins to supervise the investigation." Prior to the effective date of the Dental Board Amendments—September 13, 2010—there was no statutory provision for a supervisory investigative panel in Ohio.

{¶13} Thus, under a plain reading of the legislation, the earliest date that the panel could have begun to supervise the investigation was September 13, 2010, the date of the legal creation of the supervisory investigative panel. The "Notice of Opportunity for Hearing" was issued on August 1, 2012. Hence, the charges were all filed within the two-year limitation for standard-of-care violations. The trial court erred by looking to the date the investigation began, rather than looking to the plain language of the statute

5

and determining the date on which the panel began to supervise the investigation. We sustain the Board's first assignment of error.

{¶14} Counts 1-8 dealt with standard-of-care violations, so the two-year period plainly applied. Count 9 is a bit more difficult, because it did not charge Dr. Sohi with a standard-of-care violation, but rather with practicing outside of his specialty as a pediatric dentist by treating four adult patients. Thus the next question we must confront—which is raised in the Board's third assignment of error—is whether a single two-year period should apply to all the counts against Dr. Sohi or whether we must parse out the violations on a count-by-count basis.

{¶15} This question, too, is answered by a plain reading of the statute. The statute provides that the investigatory panel shall make its recommendations within one year "unless the investigation pertains to a violation" of the standard of care. The statute does not refer to individual counts, but to an "investigation." In this case, the Board apparently launched an investigation into Dr. Sohi based upon allegations that he had violated the standard of care in regard to his treatment of Patient 2. In the course of this investigation, the Board discovered that Dr. Sohi had treated Patient 2 as well as three other patients outside of his specialty. The investigation conducted by the Board "pertained" to a standard-of-care violation. To quote the Oxford Dictionary definition of pertain, the investigation was "related" or "applicable" to standard-of-care violations. *See* http://www.oxforddictionaries.com/us/definition/american_english/pertain (accessed Sept. 9, 2015). Since the investigation pertained to a standard-of-care violation, the supervisory investigatory board had two years to issue its recommendations even though the Board also found other violations.

6

**{¶16}** Thus, we conclude that the trial court erred in finding that the Board failed to comply with the time limitations in R.C. 4715.034(B). We sustain the Board's third assignment of error.

### IV. We Don't Answer the Question of Whether the Time Provisions are Directory or Mandatory

**{¶17}** In its second assignment of error, the Board urges us to read the time limits imposed on investigations in R.C. 4715.034(B) as directory rather than mandatory. It argues that because the legislature did not provide any negative consequence for failure to act within the statutory timeline, the legislation was merely directory and did not provide a basis for the court to dismiss the charges against Dr. Sohi. *See Boggs v. Ohio Real Estate Comm.*, 186 Ohio App.3d 96, 2009-Ohio-6325, 926 N.E.2d 663 (10th Dist.). We do not reach this issue. Because we have determined that there was no violation of the time requirements in R.C. 4715.034(B), there is no need to determine if these provisions are directory or mandatory. The second assignment of error is moot.

### V. Conclusion

**{¶18}** We sustain the Board's first and third assignments of error, and we reverse the trial court's judgment. The cause is remanded to the trial court for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.